IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Clarence E. Causey and Laurie T. Causey, | ) | |
| | ) | |
| Plaintiffs, | ) | C/A No.: 9:05-2293-PMD |
| | ) | |
| v. | ) | |
| | ) | |
| Vinyl Lite Industries Company, LLC, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiffs, South Carolina citizens, sued Defendant, a corporation organized and existing under the laws of a State other than the State of South Carolina. Plaintiff originally filed this action in the Court of Common Pleas, Beaufort County, South Carolina, on July 11, 2005. On August 10, 2005, Defendant removed the action based upon diversity jurisdiction. On August 26, 2005, Plaintiffs filed a Motion to Remand and Affidavits of Plaintiffs in which they clarify that the amount in controversy in this action does not exceed $75,000.00.

The sole issue before the court is whether the $75,000.00 amount in controversy requirement of diversity jurisdiction is met.

The court notes that the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. Mulcahey v. Columbia Organic Chem Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); McGraw v. FD Services, Inc., 811 F.Supp. 222, 223 (D.S.C. 1993). The burden is on Defendant to prove a case was properly removed. Mulcahey, 29 F.3d at 151; Bennett v. Bally Mfg. Corp., 785 F.Supp. 559, 560 (D.S.C. 1992); Hinks v. Associated Press, 704 F.Supp. 638 (D.S.C. 1988). Although the precise nature of Defendant's burden "is a subject of much controversy," Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir.

1993), the court finds that it need not resolve this issue because, under any standard of proof, the court is convinced that Plaintiffs' Affidavits (to which they are bound) reveal that the court lacks subject matter jurisdiction.

As a general rule, the amount in controversy in an action which is removed based on diversity of citizenship should be measured "at both the time of commencement [of the action in state court] and the time of removal." Sayers v. Sears, Roebuck and Co., 732 F.Supp. 654, 656 (W.D.Va.1990); Griffin v. Holmes, 843 F.Supp. 81, 87 (E.D.N.C. 1993). A corollary of this rule is that a plaintiff in such an action may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a).[1] St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

The court finds that St. Paul is not controlling in this case. Plaintiff's complaint seeks an unspecified amount of damages. (Complaint at 4.) The court finds the reasoning of Cole v. Great Atlantic & Pacific Tea Co., 728 F.Supp. 1305 (E.D.Ky. 1990), a case with facts similar to the present one, to be persuasive:

> Unlike the [St. Paul] scenario, [the plaintiff's] subsequent stipulation did not have the effect of changing the information on which [the defendant] relied, but instead providing the information for the first time. The practical result is that when faced with a complaint effectively silent as to damages, the defendant

---

[1] However, the court notes that some district courts have concluded that the 1988 amendments to 28 U.S.C. § 1447(c) superseded the St. Paul rule that post-removal actions by the plaintiff cannot deprive a court of diversity jurisdiction. See Bailey v. Wal-Mart Stores, Inc., 981 F.Supp. 1415 (N.D.Ala. 1997); Goodman v. Wal-Mart Stores, Inc., 981 F.Supp. 1083 (M.D.Tenn. 1997). Prior to 1988, § 1447(c) provided that the court should remand when it appeared that "the case was removed improvidently and without jurisdiction." The amended section now reads: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

> should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff, as here, provides that information.... This rule conforms with [Saint Paul] as it applies only when the complaint does not state a removable case, not when a plaintiff files an action that is removable and then changes the status of the case to defeat removal.

Id. at 1309.

Although the Fourth Circuit Court of Appeals has not addressed the issue, there are numerous decisions supporting the Cole decision. See Angus v. Shiley, Inc., 989 F.2d 142, 145 n.3 (3d Cir. 1993); Asociacion Nacional v. Dow Quimica, 988 F.2d 559, 565 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994); Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C. 1996); Cross v. Bell Helmets, USA, 927 F.Supp. 209, 215 (E.D.Tex. 1996); Ferguson v. Wal-Mart Stores, Inc., C/A No. 4:94-2696-22, 1994 WL 653479 (D.S.C. Nov. 15, 1994); Griffin v. Holmes, 843 F.Supp. 81, 88 (E.D.N.C. 1993); but see In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).

The court finds itself in agreement with the decisions characterizing a post-removal stipulation regarding the amount in controversy as a clarification permitted, not forbidden, by Saint Paul. Applying the principle to the present case, the court accepts Plaintiffs' Affidavits stating that the total amount of damages sought in the complaint is less than $75,000.00.

Because Plaintiffs' post-removal clarification is permissible and should be given effect, it is clear that the jurisdictional amount cannot be satisfied. "[I]f plaintiff has alleged only a small amount of damages or it is otherwise obvious that the jurisdictional amount under § 1332(a) cannot be satisfied, the court must dismiss the case outright for lack of jurisdiction." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995). Thus, the court concludes it lacks subject matter jurisdiction over this case.

Accordingly, the action is remanded to the Court of Common Pleas, Beaufort County, South Carolina. A certified copy of this order of remand shall be mailed by the Clerk of this court to the Clerk of the Court of Common Pleas, Beaufort County, South Carolina.

IT IS SO ORDERED.

_____
PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina
September 1, 2005